# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES STANLEY, | |
| *Plaintiff,* | |
| vs. | Case No. 14-2510-EFM |
| SURE CHECK BROKERAGE, INC., | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

Plaintiff James Stanley filed suit against Defendant Sure Check Brokerage, Inc. alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. He claims that Defendant violated this act by continuing to contact him after he told Defendant that he was in bankruptcy and by making misleading or harassing statements to him. Defendant now seeks summary judgment. Because the Court finds that there are no genuine issues of fact as to whether Defendant violated the FDCPA, the Court grants Defendant's motion.

### I.    Factual and Procedural Background[1]

***Rules for Summary Judgment***

The required rules for summary judgment motions are set forth in Fed. R. Civ. P. 56 and D. Kan. Rule 56.1.  Under D. Kan. Rule 56.1(d), "[a]ll facts on which a motion or opposition is

---

[1]  In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions." Similarly, Fed. R. Civ. P. 56(c)(1)(A) provides that a party must support factual contentions by "citing to particular parts of material in the record, including . . . interrogatory answers."

In this case, Plaintiff cites to one of his interrogatory answers in an attempt to dispute four of Defendant's seven facts and to support one of Plaintiff's two facts. Although interrogatory answers can be competent and admissible evidence, that is not the case here. Pursuant to Fed. R. Civ. P. 33(b)(3), interrogatory answers must be answered under oath.[2] In addition, Fed. R. Civ. P. 33(b)(5) requires the person making the answers to sign them. Plaintiff does not indicate to the Court that these interrogatory answers were signed under oath. Indeed, the document (interrogatory and request for production answers) provided to the Court does not have any signature page or verification page. In addition, Plaintiff does not provide an affidavit with his response to support his factual contentions. Put simply, there is nothing in the record indicating that Plaintiff's factual statements are under oath or were made under penalty of perjury.[3] Thus, Plaintiff's attempt to controvert Defendant's facts (and to support his factual contention) is not supported by competent evidence. Accordingly, Defendant's supported facts are uncontroverted. The Court sets forth below the uncontroverted, material facts.

---

[2] *See also Real v. Haney*, 2007 WL 1851283, at *1 (D. Kan. June 27, 2007).

[3] As will be explained below, even if the Court considered this interrogatory answer, it is of no help to Plaintiff.

### *Uncontroverted Facts*

Plaintiff James Stanley incurred a financial obligation in the amount of $37.86 with Superior Disposal Service. When the account went into default, Superior Disposal Service transferred the debt to Defendant Sure Check Brokerage, Inc. for collection.  Beginning on June 30, 2014, Defendant contacted Plaintiff through both letters and telephone calls.  Defendant uses a computer system to automatically and uniformly track all phone calls made and letters mailed to debtors. Defendant never spoke with Plaintiff on the phone but left multiple voicemail messages.[4]

Plaintiff filed for bankruptcy on August 6, 2014. Neither Defendant nor Superior Disposal System was identified as a creditor in the bankruptcy. On September 5, 2014, Defendant mailed a collection letter to Plaintiff that stated:

> I thought we had reached an understanding and you realized the seriousness of this matter. You have failed to make payment, which was expected in this office before now.

> As I have indicated to you before, this office intends to initiate the most intense effort to secure payment in full on all of your accounts at the earliest possible date.

> If you would like to meet with me at our office, make a substantial payment toward your obligation and commit to a suitable repayment schedule, please contact me immediately.

---

[4] As noted above, Plaintiff attempts to controvert this fact, and several others, by relying upon his unsigned, unverified interrogatory answer in which he states that he advised Defendant of his bankruptcy and requested no more communication. Defendant provided a notarized affidavit from Terry Holovach, President/CEO of Sure Check Brokerage, Inc. In this affidavit, he averred that Defendant's computerized system, which automatically and uniformly tracks all phone calls, would have documented an actual conversation (if one had occurred) on the Collection Screen File. Defendant also provided a copy of the Collection Screen File. Thus, Defendant's facts are supported by testimony under oath and by documents supporting this testimony. Plaintiff fails to appropriately controvert these facts.

On October 14, 2014, Plaintiff served Defendant with the Complaint in this case. Following the notice of the bankruptcy alleged in the Complaint, Defendant ceased trying to contact Plaintiff.

In the Complaint, Plaintiff alleges that Defendant violated the FDCPA by continuing to contact him after he filed for bankruptcy and by making misleading or harassing statements to him. Defendant has now filed a Motion for Summary Judgment.

## II.    Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[5] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[6]  The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[7]  If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[8]  These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot

---

[5] Fed. R. Civ. P. 56(c).

[6] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[8] *Id*. (citing Fed. R. Civ. P. 56(e)).

survive a motion for summary judgment.[9]   The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[10] Finally, summary judgment is not a "disfavored procedural shortcut," but is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' "[11]

### III.    Analysis

The FDCPA was enacted to eliminate abusive debt collection practices.[12]  To accomplish this goal, the FDCPA regulates interactions between consumer debtors and "debt collectors."[13] The FDCPA does not "prohibit a debt collector from merely attempting to collect on a debt.  Nor are threats to take legal action or to report a debtor to credit agencies actionable, unless the action threatened cannot legally be taken, is not intended to be taken, or involves the communication of false information."[14]  In this case, Plaintiff alleges that Defendant violated the FDCPA in three ways. The Court will address each contention.

*1.  Continued Contact*

Plaintiff contends that Defendant violated the FDCPA by continuing to contact Plaintiff after he informed Defendant that he filed for bankruptcy. Here, the uncontroverted facts demonstrate that neither Defendant nor Superior Disposal System (the entity for which

---

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[10] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[11] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[12] 15 U.S.C. § 1692(e); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577 (2010).

[13] *Jerman*, 559 U.S. at 577.

[14] *Whayne v. United States Dep't of Educ.*, 915 F. Supp. 1143, 1145 (D. Kan. 1996) (citing 15 U.S.C. § 1692e(5), (8)).

Defendant was attempting to collect the debt) was identified as a creditor in Plaintiff's August 6, 2014, bankruptcy. On October 14, 2014, Plaintiff served Defendant with the Complaint in this case. Following the notice of bankruptcy, Defendant ceased all communication attempts with Plaintiff.

Plaintiff attempts to argue that Defendant previously knew of his bankruptcy and continued to contact him by relying upon his interrogatory response in which he stated that he spoke to Defendant, advised Defendant that he had filed bankruptcy, and requested no more communication. But as noted above, Plaintiff's interrogatory answer is not under oath or verified and therefore is not competent or admissible evidence to controvert Defendant's evidence that it ceased contact with Plaintiff after learning of Plaintiff's bankruptcy. Thus, there is no evidence to support Plaintiff's contention.

Even if the Court considers Plaintiff's interrogatory response, it is vague and conclusory. Plaintiff does not provide any specific details.  Plaintiff does not identify when he spoke with Defendant and does not identify any individuals to whom he spoke. Plaintiff does not identify any dates or times as to when Defendant communicated with him after informing Defendant of his bankruptcy. Indeed, Plaintiff does not even state in this interrogatory response that Defendant contacted him after he requested no more communication. He simply states that he requested Defendant to no longer contact him.[15]

---

[15] Plaintiff also contends that Defendant's September 5, 2014, letter demonstrates that Plaintiff spoke with Defendant. This letter fails to demonstrate actual communication between Plaintiff and Defendant about Plaintiff's bankruptcy. Instead, it simply states that they "had reached an understanding" and he had "failed to make payment, which was expected in this office before now." As noted above, Defendant provided an affidavit in which Defendant's President/CEO averred that Defendant's computerized system would have noted if any conversation occurred between Plaintiff and Defendant. The facts indicate that there was never a conversation between Plaintiff and Defendant.

In sum, Plaintiff does not have admissible or relevant evidence to establish a genuine issue of material fact as to whether Defendant continued to contact Plaintiff after being notified of Plaintiff's bankruptcy. Accordingly, the Court grants Defendant summary judgment on this issue.

### 2. *Alleged Misleading Statements in Violation of 15 U.S.C. § 1692e*

Fifteen U.S.C. § 1692e states that it is unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[16] In evaluating FDCPA claims, the Tenth Circuit, in at least one unpublished case, has applied an objective "least sophisticated consumer" test.[17] This test considers " 'how the least sophisticated consumer-one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer-understands the notice he or she receives.' "[18] The District of Kansas has applied this test several times, and the Court will apply it in this case as well.[19]

Plaintiff contends that Defendant's September 5, 2014, collection letter contained two false statements in violation of 15 U.S.C. § 1692e. These statements are: "I thought we had

---

[16] Plaintiff references this provision in his response when arguing that Defendant engaged in deceptive means.

[17] *Ferree v. Marianos*, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1221-22 (D. Kan. 2014) (noting that the Tenth Circuit has not explicitly adopted the least sophisticated consumer test or the unsophisticated consumer test but that the Tenth Circuit applied the least sophisticated consumer test in the unpublished opinion in *Ferree*).

[18] *Ferree*, 1997 WL 687693 at *1 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)).

[19] *See Kalebaugh*, 43 F. Supp. 3d at 1222; *Head v. Ocwen Loan Servicing, LLC*, 2015 WL 4276148, at *6, n.60 (D. Kan. July 14, 2015) (J. Melgren).

reached an understanding . . ." and "[a]s I indicated to you before, this office intends to initiate the most intense effort to secure payment in full on all of your accounts at the earliest date." Plaintiff argues that these two statements are deceptive because Plaintiff and Defendant had not reached an understanding, and Defendant did not undertake "the most intense effort" to secure payment.

In applying the least sophisticated consumer test with regard to the first statement, "we had reached an understanding," the Court finds Plaintiff's claim fails. First, Plaintiff provides no evidence that he was confused about whether or not he had reached an agreement with Defendant or whether he was misled by the statement. And even if Defendant's statement regarding an understanding was false, the least sophisticated consumer would know whether or not an understanding had been reached with a debt collector. In this case, where the evidence demonstrates that the parties had not spoken, Plaintiff would know that an understanding had not been reached. Thus, this statement is not deceptive or misleading.

With regard to the statement that "this office intends to initiate the most intense effort to secure payment in full on all of your account at the earliest date," the Court concludes that Plaintiff does not demonstrate that this statement was deceptive or misleading. Again, Plaintiff fails to provide any evidence as to the efforts Defendant took in securing payment. Thus, he cannot demonstrate that this statement is false or misleading. Furthermore, it would be impossible to determine whether or not Defendant undertook "the most intense effort to secure payment."   Accordingly, the Court finds that this statement does not violate § 1692e.

   *3.  Alleged Harassing Statement in Violation of 15 U.S.C. § 1692d*

Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

-8-

collection of a debt. The statute lists a non-exclusive list of prohibited conduct.[20] Some of the prohibited conduct includes threats of violence, the use of obscene or profane language, or repeated and continuous phone calls with the intent to harass.[21]

In the Pretrial Order, Plaintiff alleges that Defendant's statement that "this office intends to initiate the most intense effort to secure payment in full on all of your accounts at the earliest date" is a harassing or abusive statement in violation of 15 U.S.C. § 1692d. Defendant addresses this contention in its Motion for Summary Judgment and argues that Plaintiff does not identify anything abusive or harassing about this statement. The Court agrees that nothing in this statement appears to be oppressive or abusive.

In Plaintiff's response, he fails to address the statement in the September 5, 2014, letter. Instead, Plaintiff argues that Defendant's subsequent phone calls after Plaintiff notified Defendant of bankruptcy constituted harassing or annoying behavior.[22] As noted above, there is no evidence to support Plaintiff's contention that Defendant continued to call him after being informed of his bankruptcy.[23] Thus, Plaintiff's argument fails, and Defendant is entitled to summary judgment on this issue as well.

---

[20] *Id.* § 1692d(1)-(6).

[21] *Id.* § 1692d(1),(2), and (5).

[22] Plaintiff does not identify any particular provision of § 1692d that Defendant violated, but § 1692d(5) addresses repeated phone calls with the intent to annoy or harass. Presumably, Plaintiff seeks to invoke that provision. It appears that Plaintiff's attorney appears to follow a pattern when litigating these types of cases in the District of Kansas. *See, e.g., Cokely v. Midland Credit Mgmt., Inc.*, 2014 WL 5341919, at **4-5 (D. Kan. Oct. 21, 2014) (noting that Plaintiff did not reference any provision of § 1692d that Defendant violated but argued that repeated phone calls was harassment by referencing a Western District of New York case). In addition, in the *Cokely* case, Judge Lungstrum noted that the plaintiff (who was represented by the same attorney in this case) did not submit any evidence of her own to contradict Defendant's sworn testimony but instead simply stated that the defendant's declaration was "indecipherable." *Id.* at *5. Similarly, in this case, Plaintiff fails to provide evidence to controvert Defendant's sworn testimony and instead argues that Defendant's evidence is unintelligible.

[23] Several times, Plaintiff inexplicably states that these alleged issues of fact should be left for a jury to decide. The Pretrial Order specifically states that this trial will be a bench trial to be tried without a jury. Thus,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 12) is **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

Plaintiff is not entitled to a jury trial.  If there were factual disputes, Plaintiff would be entitled to put on evidence to the Court. But there are no genuine issues of fact in this case.